**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Marco Orfeo Franz Busoni

    Plaintiff,

v.      Case No.: 1:24−cv−00879

    Honorable Jeffrey I Cummings

The Partnerships and Unincorporated Associations
Identified on Schedule A

    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 6, 2024:

    MINUTE entry before the Honorable Jeffrey I Cummings: Plaintiff's motion for leave to file under seal [13], motion for lave to file excess pages [14], and ex parte motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, expedited discovery, and electronic service of process [15] are granted solely as to the defendants identified on plaintiff's Amended Schedule A [12]. Plaintiff's submissions establish that, were defendants to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff may file under seal the documents identified in the motion to seal. The Temporary Restraining Order being entered along with this minute order shall also be placed under seal. In addition, for the purpose of the motions cited above, plaintiff's filings support proceeding on an ex parte basis at this time. Specifically, and as noted above, were defendants to be informed of this proceeding before a TRO could issue, the Court finds that it is likely that their assets and websites would be redirected, thus defeating plaintiff's interests in identifying defendants, stopping defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to plaintiff is irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to defendants from an order directing them to stop infringement. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendants. Expedited discovery is warranted to identify defendants and to implement the asset freeze. Enter Sealed Temporary Restraining Order. Status hearing is set for 3/11/24 at 9:00 a.m. (to track the case only, no appearance is required). Mailed notice(cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.