IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCO ORFEO FRANZ BUSONI,<br><br>                Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No. 24-cv-00879<br><br>**Judge Jeffrey I. Cummings**<br><br>Magistrate Judge M. David Weisman |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff MARCO ORFEO FRANZ BUSONI ("Busoni" or "Plaintiff") against the defendants identified on [Amended] Schedule A, and using the Online Marketplace Accounts identified on [Amended] Schedule A (collectively, the "Defendant Internet Stores"), and Busoni having moved for entry of Default and Default Judgment against the defendants identified on [Amended] Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Busoni having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Busoni has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Busoni's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-328-204; VA 2-328-767; VA 2-327-215; VA 2-329-262; and VA 2-329-260 (the "Busoni Works") to residents of Illinois. In this case, Busoni has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Busoni Works. *See* Docket No. [17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Busoni Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Busoni's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Busoni Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Busoni product or not authorized by Busoni to be sold in connection with the Busoni Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Busoni product or any other product produced by Busoni, that is not Busoni's or not produced under the authorization, control, or supervision of Busoni and approved by Busoni for sale under the Busoni Works;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Busoni, or are sponsored by, approved by, or otherwise connected with Busoni; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Busoni, nor authorized by Busoni to be sold or offered for sale, and which bear any of Busoni's copyrights, including the Busoni Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

marketplace platforms such as Temu, LLC ("Temu"), eBay, Inc. ("eBay"), PayPal, Inc. (PayPal") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Busoni Works; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Busoni Works or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Busoni product or not authorized by Busoni to be sold in connection with the Busoni Works.

3. Upon Busoni's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Busoni Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Busoni is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of infringing Busoni Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and [Amended] Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Temu, eBay, and PayPal, shall, within seven (7) calendar days of receipt of this Order,

permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Temu, eBay, and PayPal, are hereby released to Busoni as partial payment of the above-identified damages, and Third Party Providers, including Temu, eBay, and PayPal, are ordered to release to Busoni the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Busoni has recovered full payment of monies owed to it by any Defaulting Defendant, Busoni shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Busoni identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Busoni may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Marco Orfeo Franz Busoni and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten thousand dollar ($10,000) surety bond posted by Busoni is hereby released to Busoni or Plaintiff's counsel, Keith Vogt, Ltd., 33 West Jackson Blvd., #2W Chicago, Illinois 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Busoni or Plaintiff's counsel.

This is a Default Judgment.

Dated:        April 17, 2024

_____
Jeffrey I. Cummings
United States District Judge

## [Amended] Schedule A

| No. | Defendants |
|---|---|
| 1 | oudiwei |
| 2 | Life decoration |
| 3 | Dulles decoration |
| 4 | xiao mimi |
| 5 | new auto parts |
| 6 | xinuo-story |
| 7 | thi_3183 |